ESTATE of A. B. MASON, Deceased.
Frances MASON, Administratrix,
Respondent,

v.

Margaret SAGEHORN, for herself and on
behalf of the heirs of A. B. Mason, De-
ceased, Exceptors, Appellants.

No. 29827.

St. Louis Court of Appeals.

Missouri.

June 14, 1957.

Philip A. Foley, Clayton, for appellants.

Thurman, Nixon & Blackwell, Jeremiah Nixon, Hillsboro, Leon M. Feigenbaum, St. Louis, for respondent.

HOUSER, Commissioner.

The Probate Court of Jefferson County overruled exceptions to an administratrix' report of sale of real estate to pay debts and approved the sale. On appeal the Circuit Court of Jefferson County affirmed the judgment of the probate court. This is an appeal by the heirs from the judgment of the circuit court.

Frances Mason, Administratrix of the Estate of A. B. Mason, Deceased, filed a petition in the probate court for an order to sell real estate of the deceased to pay debts. At that time the personal property of the estate consisted of a note and deed of trust for $1,315.52 inventoried as an asset of the estate, and $106.33 in cash. The liabilities of the estate were $967, including a funeral bill of approximately $850. On May 4, 1954 the probate court found that the personal property in the hands of administratrix was insufficient to pay deceased's debts, ordered a public or private sale of the real estate and dispensed with further appraisement. The real estate had been appraised on February 5, 1952 at $4,500. Pursuant to the order administratrix sold the real estate at private sale for $4,000.

The heirs filed exceptions to the report of sale on these grounds: that the real estate had increased in value and was worth far in excess of the original appraisement and that there had been no further appraisement; that the inventory revealed sufficient personal property to pay the debts without the sale of real estate and that the heirs of the deceased, some twelve days prior to the date of sale, had made an offer in writing to buy the real estate for $5,000.

Following a hearing the probate court overruled the exceptions and approved the sale. On appeal to the circuit court the matter was heard by the court sitting without the aid of a jury. From the judgment of the circuit court affirming the judgment of the probate court an appeal was taken to the Supreme Court which, lacking jurisdiction, transferred the cause to this court for decision.

Respondent filed a motion to dismiss the appeal for the reason that appellants' brief violates 42 V.A.M.S. Supreme Court Rule 1.08 in its failure (1) to distinctly point out the error alleged to have been committed by the trial court, (2) to show prejudice to appellants by the court's rulings and (3) to designate where such rulings may be found in the transcript. Appellants' brief and particularly the so-called "Points and Authorities" do not satisfy Rule 1.08. But this case was tried to the court without a jury and on appeal is to be reviewed upon both the law and the evidence as in suits of an equitable nature. Section 510.310, subd. 4 RSMo 1949, V.A.M.S. The appellate court is required to try equity suits anew upon the record. In reviewing equity suits the Supreme Court, in the interest of deciding cases on the merits, on occasion has overlooked defects in briefs and failure to comply with Rule 1.08 and has proceeded to determine whether the evidence justified the decree rendered. Carr v. Lincoln, Mo. Sup., 293 S.W.2d 396; Frisch v. Schergens, Mo.Sup., 295 S.W.2d 84; Turner v. Mitchell, Mo.Sup., 297 S.W.2d 458. Since this case is to be reviewed as an equity suit and we are able to determine the issues sought to be raised this motion to dismiss should be overruled.

Respondent also filed a motion to dismiss the appeal on the ground that the case is moot. Respondent contends that no supersedeas bond on appeal was posted; that the order of confirmation became conclusive, thus validating the administratrix' deed and rendering it invulnerable to a subsequent attack; that nothing remaining pending the probate court was authorized

**196**

to and did proceed to close the estate, and that the case therefore is moot. Respondent relies on Eicholz v. Davis, Mo.App., 289 S.W.2d 433, and cases therein cited, in which appeals from orders dismissing suits to enjoin the conduct of sales which had long since been held, were dismissed as moot, but they are not in point. The questions presented here are alive. Our decision will settle an actual existing controversy between the parties and will not be an empty and futile determination of a mere abstract question of law. Appellants challenge the validity of the sale, denying the right of the probate court under the circumstances to enter an order directing a sale and alleging defects in the sale which, if sustained, will render the sale invalid. The administratrix, the heirs and the purchaser, see Annotation, 142 A.L.R. 310, have a direct interest in the outcome of this litigation. The case is not moot and this motion to dismiss should be overruled.

On this appeal appellants have attempted to raise the point that the circuit court erred in affirming the judgment because (1) the probate court erred in ordering the sale of real estate, there having been sufficient personal property to pay the debts and (2) the probate court erred in approving a sale of the real estate for $4,000, there having been an offer by the heirs to pay $5,000.

■■ While on the face of the record there was sufficient personal property in the estate to pay the debts it developed that the principal asset (a note and deed of trust for $1,315.52) was erroneously inventoried as an asset of the estate. Having been owned and held by Frances Mason and A. B. Mason, husband and wife, as joint property it went to the surviving widow by operation of law and properly never was a part of the Estate of A. B. Mason, Deceased. Therefore in fact there were insufficient assets in the estate to pay the debts and the order of sale of real

estate to satisfy the debts was proper. At the hearing counsel for appellants conceded that in an amended inventory later filed the note and deed of trust were not included and that in fact there was insufficient personal property in the estate to pay the debts at the time of the filing of the petition for sale. In answer to the court's question: "Actually there wasn't sufficient property?" counsel for appellants said: "That is what it actually amounted to. At the time I filed this motion there was, according to the court's records." The first point must be disallowed.

■ Likewise, the second point is without merit. The evidence clearly showed that the house constructed on the land had been allowed to depreciate until it was uninhabitable and unsalable and that, acting pursuant to an authorization by the attorney for administratrix, one Glenn Weber caused extensive repairs to be made of the total value of $1,700. As a result the property was made salable. Mechanics' liens had been filed by several of the suppliers of labor and materials. Glenn Weber, the purchaser at the administratrix' sale, assumed and agreed to pay for the repairs and so testified in circuit court. Weber not only paid the $4,000 sale price but also assumed the aforesaid $1,700 liability, and thus was paying a total of $5,700 for the property. Therefore, instead of the property selling for $1,000 less than the amount offered by the heirs, as appellants argue, it sold for $700 more than the heirs had offered to pay. The confirmation of a sale of real estate to pay debts rests in the sound, i. e. judicial, discretion of the court, Desloge v. Tucker, 196 Mo. 587, 94 S.W. 283, and on these facts we find no abuse, but the sound exercise, of discretion.

The evidence in this record supports the action taken by the probate and circuit courts and, accordingly, the Commissioner recommends that respondent's motions to

dismiss the appeal be overruled and that the judgment of the circuit court be affirmed.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

Accordingly, respondent's motions to dismiss the appeal are overruled and the judgment of the circuit court is affirmed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.