Garth DILLEN, Mary Dillen, Van Dillen and Ella Mae Dillen, Appellants,

v.

Victor N. REMLEY and Myrl R. Remley, Respondents.

No. 22931.

Kansas City Court of Appeals.

Missouri.

Oct. 5, 1959.

Robert F. Sevier, William E. Turnage, Liberty, for appellants.

Hale, Coleberd, Kincaid & Waters, Liberty, for respondents.

SPERRY, Commissioner.

Plaintiffs, the owners of certain farm lands described in their petition, sued defendants, who owned farm lands contiguous thereto, seeking an easement over defendants' lands for use in constructing drainage facilities from plaintiffs' property to an existing open drainage ditch. Defendants moved to dismiss plaintiffs petition because of lack of jurisdiction to grant any relief prayed. The following entry appears of record:

"Wherefore, it is considered, ordered and adjudged by the Court that this cause be, and the same hereby is dismissed for lack of jurisdiction, costs taxed against plaintiffs."

Plaintiffs appealed.

■ Defendants have filed no brief but have filed a motion to dismiss the appeal. The first reason urged in support of the motion is that plaintiffs' notice of appeal is "from the order dismissing cause for lack of jurisdiction" which it is, claimed, is not an appealable order under Section 512.020 RSMo 1949, V.A.M.S. They contend, and rightly, that the right of appeal is purely statutory. They say that, while the above section provides for appeal from a final judgment, it does not provide the right of appeal from an "order dismissing cause." The record from which this appeal was taken recites, in part, that "it is considered, ordered and adjudged * * * that this cause be, and the same hereby is dismissed for lack of jurisdiction, * * *."

The judgment entered, and from which the appeal was taken, is a final appealable judgment. White v. Sievers, 359 Mo. 145, 221 S.W.2d 118, 123; Douglas v. Thompson, Mo., 286 S.W.2d 833, 834. The fact that plaintiffs referred to it as an "order" is not material, since it was an attempt, in good faith, to appeal from a final judgment. Woods v. Cantrell, 356 Mo. 194, 201 S.W.2d 311, 315.

■ It is next contended that plaintiffs' sole allegation of error, as stated in their brief under "Points and Authorities," does not meet the requirements of Court Rule 1.08, 42 V.A.M.S., because the specific reasons why it is claimed the Court erred in dismissing the cause "for lack of jurisdiction," are not stated.

There is but one point presented on this appeal: Whether error was committed in dismissing the cause for lack of jurisdiction. Citations appear thereunder and the argument is addressed to that proposition. This is an equity case. We will not dismiss the appeal for that reason. Reinert Bros. Const. Co. v. Whitmer, Mo.App., 206 S.W. 387; Carr v. Lincoln, Mo., 293 S.W.2d 396, 398; Mason v. Sagehorn, Mo.App., 303 S.W.2d 194, 195.

This brings us to a consideration of the appeal on its merits. Plaintiffs filed their petition in the Circuit Court of Clay County, Missouri. They alleged that the plaintiffs were the owners of certain described land located in Clay County; that their land serves as a collecting point for drainage of water from many acres adjacent thereto; that, pursuant to the provisions of Chapter 244, RSMo 1949, V.A.M.S., they sought to establish private drainage facilities to protect their property, for sanitary or agricultural purposes, by constructing an open ditch through or across a tract of land situated between the described property and an artificial drainage ditch into which the waters from plaintiffs' property can be drained. The petition then described the property belonging to defendants and alleged that the plaintiffs were the owners of an easement across the land but that the ditch on said easement had been filled up; that such ditch would no longer drain plaintiffs' land; that plaintiffs and defendants have been unable to agree as to the best method for drainage or protection of plaintiffs' land, or to agree on the location of a ditch to drain plaintiffs' land; that defendants will not allow plaintiffs to enter on defendants' land for the purpose of deepening

the ditch covered by the alleged easement; that they and the defendants have been unable to agree as to the value of the land to be used to construct a ditch or to deepen the existing ditch or as to the amount of damages, if any, that will result from constructing said ditch; that the petition was accompanied by a rough plat of all the land that will in any way be affected by the proposed improvements, indicating the approximate location and the course of the ditch sought; that they tendered to the defendants the sum of $300 which, in the estimation of the plaintiffs, seemed just compensation for the amount of the value of the land to be taken or to be used in constructing the ditch, plus the damages that will accrue to the land and the cost of crossings; that the defendants have failed and refused to accept the tender.

The prayer was that commissioners be appointed, according to the provisions of Chapter 244, RSMo 1949, V.A.M.S., to consider any and all matters not agreed upon by the landowners and to make a report and recommendation for the adjustment of such disagreements.

Defendants filed their objections and plaintiffs amended their petition, by interlineation, to allege that the existing easement is totally inadequate and insufficient to drain plaintiffs' land because it covers a strip of ground six feet wide at the top and three and one half feet wide at the bottom, without specifying any specific depth and that, due to the narrowness of said easement and the fact the ditch has been filled in, plaintiffs' land will not drain; that, without the permission of the defendants, the easement was too narrow and uncertain for plaintiffs to enter in an attempt to clean or deepen the ditch without trespassing on defendants' property and that, in this action, the plaintiffs seek a means of drainage across defendants' land which will be definitely described in a sufficient size to serve the purpose for which it is intended.

Defendants moved to dismiss for lack of jurisdiction, alleging that all of the land affected was within the boundaries of the Orrick Drainage District, organized under the jurisdiction of the Circuit Court of Ray County, as provided by Chapter 242, RSMo 1949, V.A.M.S.; that the board of supervisors of Orrick District are charged by law with providing and maintaining suitable facilities for proper drainage of all lands within the district; that the Circuit Court has exclusive jurisdiction, for drainage purposes, of all land within the Orrick District; that plaintiffs have no legal right to carve out a small area and ask the Clay Circuit Court to adopt and announce a plan for its reclamation, in conflict with the plan of the Orrick District. Defendants also contended that their land, if this action were allowed, would be subjected to double liability and expense for drainage purposes.

This action is founded on Chapter 244, RSMo 1949, V.A.M.S., which is titled "Private Drainage Rights." The allegations of the petition closely follow the statutes. That Chapter provides for an action of this nature on the part of an owner of swamp, wet or overflowed lands situated *within* or *without* a drainage district organized under *any* laws of this state.

Chapter 242, RSMo 1949, V.A.M.S., titled "Drainage Districts Organized In Circuit Court", provides an elaborate plan or scheme whereby a majority of the owners of *contiguous* tracts of swamp, wet or overflowed lands situate in one or more counties, may organize a drainage district. Provision is made for a board of supervisors, a secretary and treasurer, and offices for the transaction of district business. Expenses of organization, construction, maintenance and administration are provided for.

Long prior to 1913 there were statutes providing for the drainage of swamp lands by districts organized under both the County and Circuit Courts, and also laws providing procedures for private citizens to follow in order to drain wet lands. In 1913 the Legislature repealed all of these laws and adopted Chapters 242 and 244, supra, at the same session. Young v. Moore, 241

Mo.App. 436, 236 S.W.2d 740. They concern the same subject matter but each chapter deals with a separate phase of that subject. Chapter 242 deals with large bodies of swamp land, owned by many people and lying in one or more counties. Chapter 244 permits a single owner of overflowed or wet swamp land to construct drainage facilities over other lands in order to drain it, even though it may be located within an organized and existing drainage district.

Authority for the enactment of these statutes is found in Article 1, Section 28 of the Constitution of 1945, V.A.M.S., which provides for the taking of private property for private use for drains and ditches across the lands of others for agriculture and sanitary purposes.

Chapter 242 was approved March 24, 1913 (Laws 1913, page 267) and Chapter 244 was approved three days later (Laws 1913, page 290). Therefore, these statutes must be construed together to arrive at the true legislative intent. If by any fair interpretation both can stand, there is no repeal by implication and both should be given effect. Hull v. Baumann, 345 Mo. 159, 131 S.W.2d 721, 725; State ex rel. and to Use of George B. Peck & Co. v. Brown, 340 Mo. 1189, 105 S.W.2d 909, 911; State ex rel. Jones v. Chariton Drainage District, 252 Mo. 345, 158 S.W. 633, 638; State ex rel. R. Newton McDowell, Inc. v. Smith, 334 Mo. 653, 67 S.W.2d 50, 57.

We note, from the record, that defendants alleged in their motion to dismiss that, since all of the lands involved lie within the boundaries of Orrick District, which was organized under the Ray Circuit Court, jurisdiction of this matter is exclusively in that Court, whereas the instant action was filed, by statutory mandate, in the Clay Circuit where plaintiffs' land is located.

Section 242.030 provides that exclusive jurisdiction shall be vested in the Circuit Court where the district was organized *"for all purposes of this* (Article) Chapter." But that Chapter does not include the right of a single owner to drain his lands in the manner prescribed by Chapter 244. That provision does not apply in this case and jurisdiction here is in the Clay Circuit Court. Section 244.030.

It is also alleged in the motion that there is a possibility that the drainage here sought will be in conflict with a plan adopted by the Orrick District. It is not pointed out in what manner it may be in conflict nor was there any evidence on the subject. Furthermore, it is provided in the statute that any drain constructed pursuant to its provisions shall be connected with any drainage ditch of any drainage district upon such terms as the Board of Supervisors of such district, or the Court under which it was organized, may prescribe. Section 244.120, subd. 2. It appears to be very unlikely that such a result as defendants fear might occur.

Defendants also allege that their lands will be subject to double liability if the proposed drainage ditch is constructed. Ample provisions are made under the statute for adequate compensation to be paid to defendants before their lands may be burdened with the improvement.

The judgment should be reversed and the cause remanded for further proceedings.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.