STATE of Missouri ex rel. PUBLIC SERV-
ICE COMMISSION of Missouri,
Plaintiff-Appellant,

v.

Glen Earl THOMPSON, d/b/a Thompson
Moving & Storage, and Thompson
Transfer, Defendant-Respondent.

No. 23891.

Kansas City Court of Appeals.

Missouri.

June 1, 1964.

Glenn D. Evans, Gen. Counsel, Thos. J. Downey, Asst. Gen. Counsel, Jefferson City, for appellant.

Robert C. Frith, Chillicothe, for respondent.

SPERRY, Commissioner.

This suit was instituted by the State of Missouri (plaintiff) at the relation of the Public Service Commission, hereafter referred to as relator, against defendant, for the recovery of statutory penalties because of defendant's alleged illegal transportation of merchandise in intra-state commerce. Defendant moved to dismiss for lack of venue, and filed answer. The motion to dismiss was sustained. The order of dismissal recited: " * * * and grants defendant's motion to dismiss for lack of venue". Plaintiff appeals.

Relator issued its order of investigation into the activities of defendant and cited him to appear and answer charges that he violated section 390.051, RSMo 1959, V.A.M.S., in engaging for hire, in the transportation business, intra-state, without having received a certificate of convenience and necessity issued by relator, and to show cause why action should not be instituted to recover penalties therefor, as provided in chapter 390, RSMo 1959, V.A.M.S. Defendant was present at the hearing but offered no evidence and refused to testify.

From the evidence heard by the Commission in its "investigation", it found that defendant was guilty of two specific violations, as charged, and ordered that its general counsel institute proceedings " * * in a Court of competent jurisdiction, seeking recovery from respondent of penalties as provided in chapter 390, R.S.Mo. 1959, for the violation of provisions of said chapter." This suit followed.

Plaintiff states its position in its brief as follows:

"Thompson's Motion to Dismiss in the Circuit Court was apparently based on that part of section 508.010, R.S.Mo. 1959 [V.A.M.S.], which provides as follows:

" '508.010. Suits by summons, where brought * * * Suits instituted by summons shall, except as otherwise provided by law, be brought:

" '(1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found.'

"Thompson's residence and principal place of business is in Livingston County. The Commission's Petition for Statutory Penalties was filed in Cole County, and Thompson was served with a copy of the Petition in Livingston County. Therefore, if the cited statute controls, the action was improperly instituted in Cole County and should have been dismissed.

"However, it should be noted that the cited statute provides for venue '* * * except as otherwise provided by law * * *'. The Penalty Petition was filed pursuant to Sections 386.600 and 390.156. The venue provisions of these statutes are identical and read as follows:

" '386.600. Actions to recover penalties or forfeitures. * * * An action to recover a penalty or a forfeiture under this chapter or to enforce the powers of the commission under this or any other law *may be brought in any circuit court in this state* in the name of the state of Missouri and shall be commenced and prosecuted to final judgment by the general counsel to the commission, * * *'. (emphasis added; 390.156 the same).

"It is therefore clear that venue in statutory penalty cases is not determined by Section 508.010 because venue is otherwise provided by law".

Defendant contends that the general service statute, Section 506.150 R.S.Mo. 1959, V.A.M.S., controls this case, regardless of the effect of the special venue sections. That contention must be sustained because no provision is made in either of the special venue sections relied on for service of process. No mention is made of that subject.

In State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S.W.2d 404, the court considered a situation similar to that here presented. There, a damage suit was instituted in St. Louis and summons was issued. Service was had on defendants in Wright County. There was venue in St. Louis, under a special statute, but the method of service prescribed therein was not followed. It was held that the court acquired no jurisdiction to render a personal judgment against defendants for lack of service. In arriving at that conclu-

sion the court (page 406 and paragraphs 12 and 13, of page 408) specifically rejected the theory that, (which is suggested here by plaintiff) while service was not had pursuant to any specific statutory authorization, when a statute fixes the venue of a cause, regardless of the residence of the parties, the statute either expressly or by necessary implication authorizes the issuance and service of summons upon such defendant in any county in the state.

The Court, (407 of 165 S.W.2d) also said:

"[5–8] Furthermore, it has become a principle in this jurisdiction that even though a statute may be held to be a special venue statute, creating a new right and, perhaps, a new remedy, yet if the statute fails to provide the manner in which process is to be served the general service statutes apply and personal service, within the meaning of the general statutes, is an absolute prerequisite to the issuing court's authority to proceed with the cause. State ex rel. Mueller Baking Co. v. Calvird, [338 Mo. 601, 92 S.W.2d 184], supra; Yates v. Casteel, [329 Mo. 1101, 49 S.W.2d 68], supra; Stanton v. Thompson, 234 Mo. 7, 136 S.W. 698".

\* \* \* \* \* \*

" 'Reading these statutes (the service sections) and the venue statute together, do they not mean that it is essential to jurisdiction, to enter a personal judgment, for service of summons to be had upon a defendant or defendants (except when defendants reside in different counties) in the county (where plaintiff resides and defendant is found or where defendant resides) in which suit is begun? This court has ex-

pressly so held in Yates v. Casteel'. Hankins v. Smarr, 345 Mo. 973, 975, 137 S.W.2d 499, 500.

"[9, 10] It is also generally true that a court's jurisdiction 'in personam is confined to persons within the territorial jurisdiction of the court' and 'it follows that *service of process made beyond such limits is entirely ineffective to confer jurisdiction over the persons against or on whom it is so made.*' 21 R.C.L., Sec. 15; 50 C.J., Secs. 24, 25, 57, 68; Hankins v. Smarr, supra; Yates v. Casteel, supra. This is not an immutable rule, however, but any change in the rule depends upon valid legislative action. 50 C.J., Sec. 69; 42 Am.Jur., Sec. 49."

The court's rulings in State ex rel. Mueller Baking Co. v. Calvird, 338 Mo. 601, 92 S.W.2d 184 and Yates v. Casteel, 329 Mo. 1101, 49 S.W.2d 68, constitute authority for the rule declared in State ex rel. Minihan v. Aronson, supra. That decision was cited in State ex rel. Ballew v. Hawkins, Mo.App., 361 S.W.2d 852 and in State ex rel. Kissinger v. Allison, Mo.App., 328 S.W.2d 952, these being the most recent cases we have found wherein the decision in the Aronson case was discussed and considered. Nothing was said in either of those decisions which tends to weaken the force and effect of the rule stated.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.