**POOLE TRUCK LINES, INC.,**
**Plaintiff–Respondent,**

v.

**Patricia COATES, et al., Defendant–**
**Appellant.**

No. 61323.

Missouri Court of Appeals,
Eastern District,
Division One.

July 7, 1992.

Lynn D. Barnett, St. Louis, for defendant-appellant.

Jerome J. Duff, Thomas R. McDonnell, St. Louis, for plaintiff-respondent.

GARY M. GAERTNER, Judge.

Appellant, Patricia Coates, appeals from a declaratory judgment entered in the Circuit Court of the City of St. Louis declaring Missouri's Uniform Parentage Act (UPA), RSMo §§ 210.817 through 210.852 (Supp. 1990) provided the exclusive means through which the issue of paternity may be determined in the State of Missouri. We affirm.

The record reveals that decedent, Lanny Eplin, drove a tractor trailer for respondent, Poole Truck Lines, Inc. On July 9, 1989, the decedent was killed in a tractor trailer accident. Appellant, who allegedly lived with decedent and was 18 weeks pregnant, was a passenger in the tractor trailer driven by the decedent. Lanny Eplin, Jr. was born several months later.

On July 23, 1990, appellant, as mother and natural guardian of Lanny Eplin, Jr., filed a claim against respondent for workers' compensation death/survivor benefits.

Respondent filed a motion to dismiss or, in the alternative, to stay the proceedings alleging the division of workers' compensation lacked jurisdiction to determine paternity in light of the UPA. On May 14, 1991, the Administrative Law Judge overruled respondent's motion to dismiss, requiring appellant to proceed with the cause.

On June 11, 1991, respondent filed a petition for writ of prohibition in this court contending the division of workers' compensation had no jurisdiction to adjudicate the issue of paternity. This court denied the petition "without prejudice to the filing of a declaratory judgment action."

On October 1, 1991, respondent filed a petition for declaratory judgment in the circuit court. The case was heard on December 18, 1991, and, on that same date, the circuit court issued its order declaring paternity had to be adjudicated in accordance with the UPA prior to the workers' compensation action proceeding. This appeal followed.

Appellant first contends that the trial court erred in declaring the UPA is the exclusive means by which the issue of paternity may be determined. We disagree.

This court recognizes that, in the past, the division of workers' compensation was permitted to determine the issue of paternity. *See Henderson v. National Bearing Division,* 267 S.W.2d 349, 351 (Mo.App., St.L.Ct.App.1954). Such decisions occurred, however, prior to the passage of the UPA. The UPA was passed "to be applied and construed with the purpose of making uniform the law in respect to paternity." *Snead by Snead v. Cordes by Golding,* 811 S.W.2d 391, 395 (Mo.App., W.D. 1991). Under the UPA, the circuit court is granted jurisdiction to determine paternity. RSMo § 210.829.1 (1990 Supp.) We believe the purpose of the UPA is to make the law in respect to paternity uniform, and the law would not be well served by permitting administrative agencies the power to determine paternity.

Eighteen states have adopted a form of the UPA as of the time of this opinion.[1] Five of these states have addressed questions similar to the ones before us. Of these five, two—Delaware and North Dakota—would seem to agree with appellant's contentions. *See Division of Child Support Enforcement ex rel. Blake v. Myrks,* 606 A.2d 748 (Del.1992); *Davis v. Auto Owners Ins. Co.,* 420 N.W.2d 347 (N.D. 1988). The other three states hold the UPA constitutes the exclusive procedure by which paternity may be established. *See Taylor v. Morris,* 88 Wash.2d 586, 564 P.2d 795 (banc 1977) (Department of Social and Health Services did not have jurisdiction to determine parentage outside of proceedings under UPA); *AEI v. JDM,* 758 P.2d 22 (Wyo.1988) (UPA is exclusive means of adjudicating paternity and trial court could not grant custody of child to alleged father without first determining paternity under UPA procedures); *People in Interest of R.T.L.,* 780 P.2d 508 (Colo.1989) (In absence of a paternity proceeding under UPA, no child support order can be made unless paternity is uncontested). More important, our colleagues in the Western District of this court have indicated that the UPA is the exclusive means for determining paternity. *Snead by Snead,* 811 S.W.2d at 395–96.

We find the cases holding the UPA constitutes an exclusive procedure for determining parentage to be persuasive. As noted above, the legislature's purpose of providing a uniform procedure for determining paternity would not be well served by permitting paternity to be determined outside of the UPA. In addition, we find the two cases holding the UPA does not provide the exclusive means of determining paternity are clearly distinguishable.

In *S.W. v. North Dakota Department of Human Services,* 420 N.W.2d 344 (N.D. 1988), the North Dakota Supreme Court held that the North Dakota Department of Human Services was not required to adjudicate paternity before it could properly deny a claim for aid for dependant children benefits where the department had two written acknowledgements of paternity and where the determination of paternity was "incidental and necessary" to the performance of the department's duties. *S.W.,* 420 N.W.2d at 347. The question of paternity in the present case clearly is not "incidental" to a determination of liability. Under RSMo § 287.240, a "dependant" is defined as a "relative" of the deceased employee who is actually dependant for support. A child, "whether legitimate or illegitimate" is presumed dependant. *See* RSMo § 287.-240(4)(b). Paternity in the present case is, thus, required before any benefits can be awarded.

Nor do we find Delaware precedent persuasive. In *Myrks,* a proceeding was held to determine paternity of Wendy Blake's son. At the hearing, Myrks admitted paternity. Several years later, Myrks filed a petition contesting paternity, contending the doctrine of *res judicata* did not apply because the prior hearing was not held in conformity with the Delaware Parentage Act. The Delaware Supreme Court disagreed, finding *res judicata* did apply because the act was not the exclusive means by which paternity could be determined. The Delaware Supreme Court found that the act, if found to be the exclusive means for adjudicating paternity, would result in a multiplicity of litigation. The court did note, however, that the Delaware Act was significantly different from the Uniform Parentage Act. We do not find similar problems with the Missouri Parentage Act. Under the Missouri Act, a paternity action may be joined with other actions. *See* RSMo § 210.829(a). In addition, the division of child support enforcement is entitled to bring an action under the statute. *See* RSMo § 210.826. Rather than spur a multiplicity of litigation, the proper use of the UPA to determine paternity will limit actions to one judgment determining paternity "for all purposes." RSMo § 210.841 (1990).

■ Appellant also contends that, by challenging the jurisdiction of the Division

---

1. These states include, *inter alia,* Colorado, C.R.S.A. §§ 19–4–104 to 19–4–129; Delaware, 13 Del.C. §§ 801–819; Kansas K.S.A. 38–1110 to 38–1130; and Wyoming W.S.1977, §§ 14–2–101 to 14–2–120.

of Workers' Compensation to determine paternity, respondent forces an adjudication of paternity without having proper standing under RSMo § 210.826. We note that under RSMo § 210.826, respondent certainly would not have standing to bring a paternity action in the circuit court. We further note that, under RSMo § 210.830, respondent could not be a party to a paternity action. We must point out, however, that it is not respondent's action in challenging the jurisdiction of the Division of Workers' Compensation that makes a determination of paternity necessary, but appellant's filing of the workers' compensation action itself. As noted above, in order to determine whether or not Lanny Eplin, Jr. is a "dependant" of the decedent, the workers' compensation board would necessarily have to determine whether or not the decedent was the father of the child. While we would certainly hesitate to hold that the respondent could challenge paternity where there is a presumption of paternity under RSMo 210.822, no presumption exists in this case. Paternity could, thus, only be determined under the standards of the UPA. As a party to the workers' compensation action, respondent certainly had standing to challenge the Division of Workers' Compensation determination that it had the power to determine paternity.

Appellant also contends the trial court should not have heard the respondent's declaratory judgment action because the trial court lacked jurisdiction to do so. Appellant presents several issues which it contends deny the trial court jurisdiction in the present case.

First, appellant contends this is not a proper issue for declaratory judgment. The trial court has a considerable measure of discretion in determining whether or not a declaratory judgment action should be entertained. *Millers Mut. Ins. Ass'n v. Babbitt*, 790 S.W.2d 944, 946 (Mo.App., W.D.1990). A ruling or order of the trial court resulting from an exercise of discretion is presumed to be correct and the burden rests upon the complaining party to prove otherwise. *Babbitt*, 790 S.W.2d at 946. A declaratory judgment action is an appropriate method of determining controversies concerning the construction of statutes and powers and duties of governmental agencies thereunder. *State Tax Comm'n v. Administrative Hearing Comm'n*, 641 S.W.2d 69, 75 (Mo. banc 1982). We find no error on the part of the trial court here. The question was presented to the court as to whether the Division of Workers' Compensation had jurisdiction to decide paternity under the UPA and the court determined the law. This certainly comes within the trial court's discretion. Point denied.

Appellant also contends respondent has no legally protectable interest in the paternity adjudication. Once again, appellant ignores the trial court's order. The trial court did not hold respondent could be a party to the paternity action, but only that the Division of Workers' Compensation could not determine paternity. Respondent certainly had an interest in the workers' compensation action.

Appellant also contends the issue of paternity is not ripe for declaration. We disagree. Where there is no presumed paternity under the UPA, as in the present case, we believe the issue of paternity is best decided prior to any workers' compensation order. The decision of the trial court is affirmed.

REINHARD, P.J., and CRANE, J., concur.