In the Matter of Carl NOCITA.

No. 77828.

Supreme Court of Missouri,
en banc.

Jan. 23, 1996.

Robert A. Hutton, Jr., St. Louis, Frank J. Kaveney, St. Louis, for appellants.

Ronald R. Fralicx, St. Charles, for respondent.

BENTON, Judge.

Can an illegitimate child prove paternity during probate, beyond the statute of limitations in the Parentage Act? Yes, answered the circuit court, which also ruled on the validity of a statute. *Mo. Const. Art. V, § 3.* Affirmed.

Carl Nocita died intestate on August 2, 1991, survived by one sister, two nieces, two nephews, and also by Anthony Mahon, born April 22, 1956. Mahon filed for letters of administration on August 16, 1991. The Nocita family sought to dismiss Mahon's claims, invoking the statute of limitations in the Parentage Act, § 210.828.1 RSMo Supp.1990.[1] The trial court ruled that Mahon is the sole child of Nocita, entitled to the entire estate, and not barred by the Parentage Act.

The dispositive issue is which statute governs whether an illegitimate child inherits by intestate succession. The Nocita family asserts that in order to inherit, an illegitimate child must first establish paternity under the Parentage Act, which provides:

> An action to determine the existence of the father and child relationship as to a child who has no presumed father under § 210.822 may not be brought later than eighteen years after the birth of the child.... *[§ 210.828.1]*

Because Mahon failed to establish paternity within 18 years of birth, the Nocita family contends he cannot claim his father's estate.

Mahon invokes the Probate Code, which allows his action within "six months of the date of first publication of letters...."

1. Unless otherwise indicated, all statutory references are to RSMo Supp.1990.

*§ 473.070.2.* The plain language of the Probate Code authorizes establishing paternity during probate:

> If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person ... a person born out of wedlock ... is a child of the father, if ... paternity is established by an adjudication before the death of the father, *or is established thereafter by clear and convincing proof....* [*§ 474.060 RSMo 1986* (emphasis added) ]

Both the Parentage Act and the Probate Code are derived from uniform laws. *Uniform Probate Code* § 2–109, 8 U.L.A. 68 (1983); *Uniform Parentage Act* § 7, 9B U.L.A. 306 (1987). The section of the Probate Code quoted above adopts verbatim § 2–109(2) of the Uniform Probate Code. *Compare § 474.060.2(2) RSMo 1986 and Uniform Probate Code* § 2–109, 8 U.L.A. 67 (1983). The Comment to § 2–109 instructs that, to conform the Uniform Probate Code to the Uniform Parentage Act, states should adopt the first alternative § 2–109. *Id.* at 68. The General Assembly instead adopted the second alternative subsection "for states that have not accepted the Uniform Parentage Act." *Id.* at 67.

■ When "construing uniform and model acts enacted by the General Assembly, we must assume it did so with the intention of adopting the accompanying interpretations placed thereon by the drafters of the model or uniform act." *John Deere Co. v. Jeff Dewitt Auction Co.,* 690 S.W.2d 511, 514 (Mo.App.1985) (*citing State v. Anderson,* 515 S.W.2d 534, 539 (Mo. banc 1974)). Generally, comments accompanying a uniform code when adopted have great weight in construing the code. *See McKee Const. v. Stanley Plumbing & Heating,* 828 S.W.2d 700, 703 (Mo.App.1992); *Boatmen's Nat. Bank v. Eidson,* 796 S.W.2d 920, 923 (Mo.App.1990).

■ Here, the legislature enacted the Parentage Act in 1987 with knowledge of the Probate Code previously enacted in 1980. *See* 1987 Mo. Laws 649; 1980 Mo. Laws 480. "In construing a statute, the Court must presume the legislature was aware of the state of the law at the time of its enactment." *Nicolai v. City Of St. Louis,* 762 S.W.2d 423, 426 (Mo. banc 1988). Because the legislature passed the Parentage Act without conforming the Probate Code, the General Assembly refused to make the Parentage Act the exclusive means to establish paternity for probate.

■ The Nocita family contends that the 1987 enactment of the Parentage Act in effect repealed the 1980 enactment of § 474.060.2(2) of the Probate Code. "Repeals by implication are not favored. Unless two statutes are irreconcilably inconsistent, both must stand." *Poling v. Moitra,* 717 S.W.2d 520, 522 (Mo. banc 1986). "If by any fair interpretation both [statutes] can stand, there is no repeal by implication and both should be given effect." *Dillen v. Remley,* 327 S.W.2d 931, 935 (Mo. banc 1959). In view of the plain language of § 474.060 of the Probate Code, and the comment to the Uniform Probate Code, both statutes stand, and there is no repeal by implication.

The Nocita family also argues that the court of appeals has consistently held the Parentage Act as the exclusive means to determine paternity. *See Snead v. Cordes,* 811 S.W.2d 391, 395–396 (Mo.App.1991); *Poole Truck Lines v. Coates,* 833 S.W.2d 876, 878 (Mo.App.1992); *P.L.K. v. D.R.K.,* 852 S.W.2d 366, 368 (Mo.App.1993). These cases are distinguishable: none deal with establishing paternity during probate, or reconciling two uniform statutes. *Snead,* 811 S.W.2d at 395–396; *Poole Truck Lines,* 833 S.W.2d at 877; *P.L.K.,* 852 S.W.2d at 367–368.

The judgment of the circuit court is affirmed.

All concur.