**STATE ex rel. MISSOURI PUBLIC SERVICE COMMISSION,**
Relator,

v.

**The Honorable Patricia JOYCE,**
Respondent.

**No. SC 89015.**

Supreme Court of Missouri,
En Banc.

July 29, 2008.

Jennifer Heintz, Peggy A. Whipple, Missouri Public Service Commission, Jefferson City, MO, for Relator.

## ORIGINAL PROCEEDING IN MANDAMUS

WILLIAM RAY PRICE, JR., Judge.

The Missouri Public Service Commission ("PSC") brought the underlying penalty action against Suburban Water and Sewer Company in Boone County pursuant to sections 386.570 and 386.600.[1] The PSC seeks a writ of prohibition against The Honorable Gary Oxenhandler to prevent transfer of the cause to Cole County. The Court issued a preliminary writ. As transfer has already occurred, the proper remedy is a peremptory writ of mandamus directed at the presiding judge of the receiving court. Therefore, the Court quashes its preliminary writ of prohibition and will proceed as if the PSC petitioned for the appropriate remedy. Because Boone County is a proper venue for this action, the Court issues a peremptory writ

---

1. All statutory references are to RSMo 2000, unless otherwise noted.

Section 386.570 states, in pertinent part:

Any corporation, person or public utility which violates or fails to comply with any provision of the constitution of this state or of this or any other law, or which fails, omits or neglects to obey, observe or comply with any order, decision, decree, rule, direction, demand or requirement, or any part or provision thereof, of the commission in a case in which a penalty has not herein been provided for such corporation, person or public utility, is subject to a penalty of not less than one hundred dollars nor more than two thousand dollars for each offense.

Section 386.600 states, in pertinent part:

An action to recover a penalty or a forfeiture under this chapter or to enforce the powers of the commission under this or any other law may be brought in any circuit court in this state in the name of the state of Missouri and shall be commenced and prosecuted to final judgment by the general counsel to the commission.

of mandamus against The Honorable Patricia Joyce, presiding judge of the circuit court for Cole County, directing her to retransfer the underlying cause to Boone County.

## I. FACTUAL AND PROCEDURAL HISTORIES

In 1972, the PSC granted a certificate of convenience and necessity to Suburban, which has served the residents of Boone County since that time. Gordon and Bonnie Burnam, the sole shareholders in Suburban, reside in Boone County. Bonnie Burnam serves as secretary for the company and, until September 6, 2007, also served as the company's registered agent.

On August 28, 2007, the PSC ordered its general counsel to file a penalty action against Suburban for violating a 2005 order. On September 6, Suburban filed notice of change of registered agent; its new agent resides in Cole County. The general counsel filed the action in Boone County on September 21. Suburban subsequently filed a motion for transfer of venue to Cole County. The circuit court granted Suburban's motion, and the cause is presently pending in Cole County.

## II. ANALYSIS

### A. Writs of Mandamus and Prohibition

When reviewing transfer of venue in a writ proceeding, an appellate court must assess the status of the transfer to determine whether a writ of prohibition or a writ of mandamus is the appropriate remedy. "Prohibition, by its nature, is a preventative [sic] rather than a corrective remedy. Hence, prohibition generally lies to prevent commission of a future act, not to undo an act already performed." 24 DANIEL P. CARD II & ALAN E. FREED,

MISSOURI PRACTICE *Appellate Practice* section 12.4 (2d ed.2001). Given this purpose, an appellate court should employ prohibition when a circuit court has erroneously denied transfer or has erroneously granted transfer but transfer is not complete. In such proceedings, the writ should be directed at the transferring judge. *See State ex rel. McDonald's Corp. v. Midkiff,* 226 S.W.3d 119 (Mo. banc 2007); *State ex rel. Lebanon Sch. Dist. v. Winfrey,* 183 S.W.3d 232 (Mo. banc 2006); *State ex rel. Yarber v. McHenry,* 915 S.W.2d 325 (Mo. banc 1995). Mandamus, on the other hand, "may be used to compel an act to be rescinded or undone." CARD & FREED at section 12.2. Given this purpose, an appellate court should employ mandamus when a circuit court has erroneously granted transfer and transfer is complete. Because the case is no longer pending before the transferring court, the act must be undone by the receiving court. The writ should direct the presiding judge of the receiving court to retransfer the case. *See State ex rel. Burns v. Whittington,* 219 S.W.3d 224 (Mo. banc 2007); *State ex rel. Riordan v. Dierker,* 956 S.W.2d 258 (Mo. banc 1997).[2]

Failure to follow the foregoing practice is not fatal. *See* CARD & FREED at section 12.5. When a petitioner requests the wrong writ, this Court construes the petition as a request for the appropriate writ. *See, e.g., Dierker,* 956 S.W.2d at 259. Likewise, when a petitioner brings a writ proceeding against the wrong respondent, this Court substitutes the proper respondent. *See State ex rel. Breckenridge v. Sweeney,* 920 S.W.2d 901, 904 (Mo. banc 1996); *State ex rel. Malone v. Mummert,* 889 S.W.2d 822, 826–27 (Mo. banc 1994).

In the underlying case, Judge Oxenhandler granted Suburban's motion to transfer

2. This Court has not always followed this procedural framework.

venue to Cole County, and transfer is complete. If transfer was improper, the appropriate remedy to undo the act is a writ of mandamus directed at the presiding judge of the circuit court for Cole County, Judge Joyce, instructing her to retransfer the underlying cause to Boone County. Accordingly, the Court quashes its preliminary writ of prohibition against Judge Oxenhandler. The Court orders Judge Joyce substituted as respondent and will now treat the PSC's petition as one for mandamus.

### B. Standard of Review

■ "The standard of review for writs of mandamus and prohibition, including those pertaining to motions to transfer venue, is abuse of discretion, and an abuse of discretion occurs where the circuit court fails to follow applicable statutes." *State ex rel. City of Jennings v. Riley,* 236 S.W.3d 630, 631 (Mo. banc 2007).

### C. Venue

■ Venue is set by statute. *Igoe v. Dep't of Labor and Indus. Relations of Missouri,* 152 S.W.3d 284, 289 (Mo. banc 2005). Section 508.010[3] generally establishes venue "either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found," when the defendant resides in Missouri. However, the General Assembly spoke specifically about penalty actions commenced by the PSC in section 386.600. That section states, in pertinent part:

*An action to recover a penalty* or a forfeiture under this chapter or to enforce the powers of the commission under this or any other law *may be brought in any circuit court in this state* in the name of the state of Missouri and shall be commenced and prosecuted to final judgment by the general counsel to the commission.

(emphasis added). Even though section 386.600 is broader than section 508.010 in that it authorizes the PSC to bring suit in more venues, it specifically applies to penalty actions commenced by the PSC. Section 386.600 "is a specific venue provision; it supersedes the general venue statute, section 508.010." *Igoe,* 152 S.W.3d at 288.

In the underlying case, Suburban allegedly violated a 2005 order from the PSC. If such a violation has occurred, Suburban is subject to a penalty. Section 386.570. By its plain language, section 386.600 authorizes the PSC to bring this penalty action in "any circuit court in this state," including the circuit court for Boone County.[4]

To counter this interpretation, Suburban principally relies on *State ex rel. Public Service Commission v. Thompson,* 379 S.W.2d 824 (Mo.App.1964). In *Thompson,* the PSC filed a penalty action pursuant to section 386.600 in Cole County. The defendant, a resident of Livingston County, argued that the general venue provisions of section 508.010 controlled and filed a motion to dismiss for lack of venue. The circuit court dismissed the action, and the court of appeals affirmed. *Thompson* re-

---

3. RSMo Supp.2007.

4. Suburban argues that sections 386.570 and 386.600 should not be construed together in this manner. It argues that the PSC must first bring a penalty action under section 386.570 before it can bring a recovery action under section 386.600. Because there are two distinct causes of action under this inter-

pretation, it argues that the general venue provisions should apply when they are brought together. For support, it relies on *State v. Davis,* 830 S.W.2d 27 (Mo.App.1992). Neither the court of appeals nor the circuit court in that case drew such a distinction. Thus, Suburban's reliance on that case is misplaced.

lied almost exclusively upon this Court's precedents. Because the Court subsequently overruled those precedents, see *State ex rel. DePaul Health Center v. Mummert,* 870 S.W.2d 820, 822 (Mo. banc 1994), *Thompson* should no longer be followed.

Suburban also invokes canons of statutory interpretation to support its argument that section 508.010 should control. Specifically, Suburban references the recent revisions to section 508.010. It notes that the General Assembly removed the phrase "except as otherwise provided by law" from the section's introductory language in those revisions.[5] It also notes that the revisions to section 508.010 occurred after the enactment of section 386.600. In making these arguments, Suburban effectively equates the repeal of an "except" clause with the enactment of a "notwithstanding" clause. Both clauses typically have the same effect, namely, preventing a conflict from arising between two statutory sections. *Riley,* 236 S.W.3d at 631–32. However, they accomplish that purpose in opposite ways. The proposed interpretation would not recognize that distinction. Suburban's arguments could also have far reaching implications on this state's venue laws. Over the years, the General Assembly has adopted numerous special venue provisions. *See, e.g.,* sections 259.210, 213.111, and 407.100. Many of these special provisions were adopted prior to the revision of section 508.010. As a result, Suburban's interpretation could *de facto* abrogate many of these special venue provisions. The Court will not impute such an intention to the General Assembly based on the arguments presented.

---

**5.** The previous version of section 508.010 stated, in pertinent part and with emphasis added:

> Suits instituted by summons shall, *except as otherwise provided by law,* be brought:

Accordingly, Boone County is a proper venue. The circuit court abused its discretion when it ordered the cause transferred to Cole County.

### III. CONCLUSION

The Court quashes its preliminary writ of prohibition against The Honorable Gary Oxenhandler. The Court issues a peremptory writ of mandamus against The Honorable Patricia Joyce directing her to retransfer the underlying cause to Boone County.

All concur.

(1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found....