

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **BROOKE BUDDEMEYER,** ) | |
| ) | |
| **Appellant,** ) | |
| ) | **WD86806** |
| **v.** ) | |
| ) | **OPINION FILED:** |
| **TREVOR FOLEY, DIRECTOR,** ) | |
| **MISSOURI DEPARTMENT OF** ) | **SEPTEMBER 17, 2024** |
| **CORRECTIONS,** ) | |
| ) | |
| **Respondent.** ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Daniel R. Green, Judge**

**Before Division Four: Anthony Rex Gabbert, Chief Judge, Presiding,**
**Lisa White Hardwick, Judge, Gary D. Witt, Judge**

Brooke Buddemeyer appeals the circuit court's quashing of a preliminary writ of

prohibition.  Buddemeyer petitioned for the writ alleging that she was being held beyond

the conditional release term for non-dangerous felonies set by Section 558.011.4(1)(b).[1]

On appeal, Buddemeyer contends the circuit court misapplied the law in quashing the

---

[1]All statutory references are to the Revised Statutes of Missouri, as updated through
2021, unless otherwise noted.

preliminary writ.[2]  We affirm.

## Background and Procedural Information

On December 6, 2022, Buddemeyer filed a "Petition for Writ of Prohibition and Writ of Mandamus."  Therein, she alleged she had been held in custody since December 6, 2018.  On July 6, 2022, she entered a plea of guilty to, and was convicted of, the charge of voluntary manslaughter in violation of Section 565.023.  Buddemeyer was sentenced, pursuant to a plea agreement, to twelve years in the Department of Corrections.

Buddemeyer's petition alleged that, pursuant to Section 558.011.4(1)(b), she has a right to conditional release beginning three years after December 6, 2018, or no later than three years from December 17, 2018.  Further, that Trevor Foley, Director of Department of Corrections ("Respondent"), acting through the Board of Probation and Parole, has set December 16, 2027, as Buddemeyer's conditional release date.  Buddemeyer argued that Respondent has no statutory authority to impose December 16, 2027, as Buddemeyer's conditional release date and is in violation of Section 558.011.4(1)(b).

Section 558.011.4(1)(b) directs a conditional release term of three years for sentences between nine and fifteen years, except for dangerous felonies, as defined in Section 556.061, and voluntary manslaughter is not defined as such.  Buddemeyer

---

[2]In Buddemeyer's first, second, and fourth points on appeal, she argues the court misapplied the law by interpreting Section 558.011 to require her conditional release term to begin after completion of her prison term.  In her third point she argues the court misapplied the law by concluding she has no liberty interest in Section 558.011.

contended that she must be conditionally released from her twelve-year sentence after serving three years' imprisonment because "[t]here is no statutory provision directing that the conditional release term be subtracted from the full term of the sentence."

Buddemeyer requested a Writ of Prohibition, prohibiting Respondent from imposing a conditional release date later than December 16, 2021. Buddemeyer also requested a Writ of Mandamus, directing Respondent to set her conditional release date no later than December 16, 2021.

On January 3, 2023, the circuit court issued a Preliminary Order in Prohibition, directing Respondent to file a pleading to Buddemeyer's petition on or before March 14, 2023.

On March 10, 2023, Respondent filed an answer to Buddemeyer's petition and moved the court to quash its preliminary writ and deny Buddemeyer's petition. Citing *Edger v. Missouri Bd. Of Probation and Parole*, 307 S.W.3d 718, 721 (Mo. App. 2010), Respondent argued that the plain text of Section 558.011.4 requires an offender to serve the mandated minimum prison term of his or her sentence prior to being eligible for conditional release. Respondent stated that, with jail-time credit, Buddemeyer's sentence began on December 17, 2018, and her nine-year prison term will expire December 16, 2027, which is the date the Board has scheduled her for conditional release.

On March 14, 2023, Buddemeyer filed a reply to Respondent's answer and motion to quash, arguing that none of Respondent's cited authority addressed the rule of lenity, which requires that all ambiguity in a criminal statute be resolved in the criminal

3

defendant's favor. Buddemeyer also argued that all cited cases were reciting the practice carried out by the Department of Corrections, but none examined whether the plain words of Section 558.011.4(1)(b) directs that a conditional release term be subtracted from the end of a sentence, or examined Section 558.011.4(1)(b) in conjunction with Section 558.011.5, which allows for a conditional release date to be "extended up to a maximum of the entire sentence of imprisonment" for violations of prison rules and regulations.

On November 14, 2023, the circuit court entered Judgment finding that Buddemeyer was not entitled to relief as a matter of law. The court quashed its preliminary order in prohibition and denied Buddemeyer's petition. This appeal follows.

## Standard of Review

The standard of review for writs of mandamus and prohibition is abuse of discretion. *State ex rel. Missouri Public Service Com'n v. Joyce*, 258 S.W.3d 58, 61 (Mo. App. 2008). A court can abuse its discretion by failing to follow applicable statutes. *Id.*

## Points on Appeal

Buddemeyer asserts four points on appeal, all contending the circuit court misapplied the law in quashing the preliminary writ in prohibition. She argues Respondent had no statutory authority under Section 558.011 to set a conditional release date of nine years from the beginning of Buddemeyer's twelve-year sentence. Buddemeyer contends that Section 558.011.4 dictates a conditional release term of three years for a sentence of between nine and fifteen years. Further, that the statute does not specifically state the date on which the conditional release term is to begin, and does not

4

direct that the conditional release term be subtracted from the back end of the sentence. She argues that, because Section 558.011.5 states that an inmate's conditional release "may be extended up to a maximum of the entire sentence of imprisonment by the parole board" for failure to follow prison rules and regulations, if a conditional release term that is subtracted from the end of the sentence is "extended," Respondent actually decreases incarceration time which serves as a reward for bad behavior. Buddemeyer contends that the plain words of Section 558.011.4 and .5, when read together, dictate that the conditional release term run from the beginning of the sentence to avoid an absurd statutory application. Buddemeyer further argues that, to the extent Section 558.011 is ambiguous with regard to when the conditional release term begins, the doctrine of lenity dictates that all ambiguity be resolved in a criminal defendant's favor.

As relevant here, Section 558.011.4 states:

(1) Except as otherwise provided, a sentence of imprisonment for a term of years for felonies other than dangerous felonies as defined in section 556.061, and other than sentences of imprisonment which involve the individual's fourth or subsequent remand to the department of corrections shall consist of a prison term and a conditional release term. The conditional release term of any term imposed under section 557.036 shall be:

(a) One-third for terms of nine years or less;

(b) Three years for terms between nine and fifteen years;

(c) Five years for terms more than fifteen years; and the prison term shall be the remainder of such term. The prison term may be extended by the parole board pursuant to subsection 5 of this section.

5

(2) **"Conditional release"** means the conditional discharge of an offender by the parole board, subject to conditions of release that the parole board deems reasonable to assist the offender to lead a law-abiding life, and subject to the supervision under the division of probation and parole. The conditions of release shall include avoidance by the offender of any other offense, federal or state, and other conditions that the parole board in its discretion deems reasonably necessary to assist the releasee in avoiding further violation of the law.

Section 558.011.5 states:

The date of conditional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the parole board. The director of any division of department of corrections except the division of probation and parole may file with the parole board a petition to extend the conditional release date when an offender fails to follow the rules and regulations of the division or commits an act in violation of such rules…. The decision of the parole board shall be final.

Buddemeyer's interpretation is not supported by the plain language of the statute. Buddemeyer's brief suggests that the statute states that the conditional release term may be extended. It does not. Section 558.011.4(1)(c) states that the *prison* term may be extended pursuant to subsection 5. Subsection 5 states that the "*date* of conditional release *from the prison term* may be extended up to a maximum of the entire sentence of imprisonment…." *Id.* (Emphases added). Hence, the prison term, not the conditional release term, may be lengthened or enlarged for prisoner misconduct. *Id.* Where the prison term is extended for prisoner misconduct under subsection 5, the *date* of conditional release is correspondingly extended. Under the plain language of the statute, where a prisoner is conditionally released "from the prison term," the prison term

6

necessarily precedes the conditional release term. Under Buddemeyer's interpretation, if Buddemeyer's three-year conditional release *term* were to begin when the sentence begins, she would technically serve no time prior to discharge, and then return to serve the prison term.

With a few exceptions inapplicable here, the doctrine of *in pari materia* requires that statutes relating to the same subject matter be construed together. *State ex rel. Director of Revenue, State of Mo. v. Gaertner*, 32 S.W.3d 564, 566 (Mo. banc 2000). Section 558.011 is found in "Chapter 558 Imprisonment." Section 558.031 is also found in Chapter 558 and titled "Calculation of terms of imprisonment—credit for jail time awaiting trial, requirements." It discusses conditional release terms. Section 558.031.6 states:

> If a person is released from imprisonment on parole or serving a conditional release term violates any of the conditions of his or her parole or release, he or she may be treated as a parole violater. If the parole board revokes the parole or conditional release, the paroled person shall serve the remainder of the prison term and conditional release term, as an additional prison term, and the conditionally released person shall serve the remainder of the conditional release term as a prison term, unless released on parole.

With regard to this section, the Comment to the 1973 Proposed Code states, in part:[3]

> [V]iolation of any of the conditions of conditional release may result in revocation of the conditional release, and the remainder of the conditional release term then must be served as an additional prison term unless parole is granted prior to the end of the term. Thus, a person on conditional release is to be treated as a parolee, and the procedures of § 549.265 are applicable to him. If a prisoner is released on parole before his

---

[3]As a general rule, "comments accompanying a uniform code when adopted have great weight in construing the code." *In the Matter of Nocita*, 914 S.W.2d 358, 359 (Mo. banc 1996).

7

conditional release term is scheduled to begin, the conditional release term still becomes an additional prison term if the parole is revoked. In addition, the parolee must serve the remainder of his original prison term. This provides an added incentive for prisoners released early on parole to live up to the parole conditions. As in the case of revocation of conditional release, a second parole can be granted.

In discussing that a revoked parolee shall serve the *remainder* of the prison term *and* the conditional release term, with the revoked conditionally released person serving only the remainder of the conditional release term, Section 558.031.6 is consistent with Section 558.011 and shows the prison term is served before the conditional release term. The Comment to the 1973 Proposed Code confirms this interpretation and explains the legislative intent.

Likewise, Section 558.041 discusses "Good time" credit that may be earned by an inmate as a reward for serving his or her sentence "in an orderly and peaceable manner and [taking] advantage of the rehabilitation programs available to him or her." Section 558.041.4 requires the Department of Corrections to publish the procedures for obtaining good time credit in the code of state regulations. The published guidelines are found at 14 CSR 10-5.010 and include a definition section. "Conditional release date" is defined as: "A release to supervision after the completion of a statutorily fixed prison term of all sentences." 14 CSR 10-5.010(1)(E). "Prison term" is defined as: "The time required to be served by the offender before s/he is eligible for conditional release (section 558.011, RSMo)." 14 CSR 10-5.010(1)(F).

Moreover, we find no ambiguity in Section 558.011. The plain language of the statute dictates that the prison term be served prior to the conditional release term. The statute is consistent with other statutes within the same chapter, as well as rules that have been promulgated pursuant to those statutes. This interpretation is also reflected in prior holdings of this court. *See e.g., Edger v. Missouri Bd. Of Prob. & Parole*, 307 S.W.3d 718, 721 (Mo. App. 2010); *Cooper v. Holden*, 189 S.W.3d 614, 617-618 (Mo. App. 2006); *Johnson v. Mo. Bd. of Prob. & Parole*, 92 S.W.3d 107, 113-114 (Mo. App. 2002); *Elliot v. Carnahan*, 916, S.W.2d 239, 241 (Mo. App. 1995). While Buddemeyer argues that these prior cases are not controlling because they did not decide the specific issue of when a conditional release term is to begin, and the promulgation of 14 CSR 10-5.010 "was not authorized by Section 558.011," even if we were to agree, the fact that for nearly three decades Section 558.011 has been interpreted to require the prison term to be served prior to the conditional release term when addressing related issues speaks to the statute's clarity and lack of ambiguity.

The circuit court did not misapply the law in concluding that Section 558.011 requires Buddemeyer to serve her prison term prior to being conditionally released and thereby quashing the preliminary writ of prohibition against Respondent. Buddemeyer's first, second, and fourth points on appeal are denied. Given this conclusion, we need not address Buddemeyer's third point on appeal which argues the court misapplied the law in finding Buddemeyer has no liberty interest in Section 558.011.4.

9

## Conclusion

The circuit court's judgment is affirmed.

_____
Anthony Rex Gabbert,
Chief Judge

All concur.

10