**STATE ex rel. CITY OF ST. LOUIS, Relator,**

v.

**Honorable Byron L. KINDER, Judge, Circuit Court, Nineteenth Judicial Circuit, Respondent.**

**No. 67154.**

Supreme Court of Missouri, En Banc.

Oct. 16, 1985.

Edward J. Hanlon, Associate City Counselor, James J. Wilson, City Counselor, St. Louis, for relator.

James C. Owen, Thomas W. McCarthy, Manchester, for respondent.

**ORIGINAL ACTION IN PROHIBITION**

ROBERTSON, Judge.

This is an original action in prohibition. The City of St. Louis seeks to prohibit The Honorable Byron Kinder of the Circuit Court of Cole County from taking any further action in the underlying suit for declaratory and injunctive relief other than to dismiss it for lack of proper venue. The issue is whether venue is proper in Cole County in a suit filed against the City of St. Louis and the Director of Revenue of Mis-

souri. The provisional rule in prohibition is made absolute.

On May 6, 1985, a Missouri corporation doing business in the City of St. Louis and an individual resident of the City of St. Louis filed an action in the Circuit Court of Cole County seeking a declaration that St. Louis City Ordinance No. 59112,[1] approved by the Board of Aldermen of the City on April 6, 1984, and approved by a majority of the voters of the City of St. Louis on June 5, 1984, is in violation of Section 94.-510, RSMo 1978. The plaintiffs in the underlying action also seek to enjoin the City and the Director from collecting the tax authorized by Ordinance No. 59112 and request a refund of all taxes collected pursuant to the ordinance.

On the date of the filing of their petition, plaintiffs appeared before respondent seeking a temporary restraining order. Counsel for relator appeared and objected to the court assuming jurisdiction due to improper venue. Respondent overruled the objection, accepted jurisdiction, and set a hearing on the merits for May 20, 1985. On May 10, 1985, relator filed a petition for writ of prohibition in the Missouri Court of Appeals, Western District. That court issued a stop order. On May 28, 1985, the Court of Appeals dissolved the stop order and the petition for writ of prohibition was denied by the Court of Appeals. Relator filed its petition in prohibition in this Court on June 4, 1985. On June 25, 1985, this Court issued its provisional rule in prohibition.

Relator contends that venue is proper only in the City of St. Louis pursuant to Section 508.050, RSMo 1978. Alternatively, relator argues that even if Section 508.-050 is not applicable in this action, Section 508.060 places proper venue in the City of St. Louis. Respondent asserts that Section 508.050 is not applicable to the City of St. Louis because the City of St. Louis is not a municipal corporation within a county and thus does not fall within the requirements of the statute. Respondent also claims that Section 508.060, which respondent admits applies to the City of St. Louis, is nonexclusive and therefore must be read in conjunction with the general venue statute, Section 508.010, RSMo 1978. Under respondent's theory, the presence of the Director of Revenue[2] as a defendant places venue properly in both St. Louis City and Cole County. Section 508.010(2).

We need not determine whether Section 508.050 is applicable to the City of St. Louis in the case at bar. We hold that Section 508.060 requires that this action be commenced in the Circuit Court of the City of St. Louis.

Section 508.050 applies when suit is filed against a municipal corporation either as a defendant or a codefendant and requires that such suit "shall be commenced only in the county in which the municipal corporation is situated...." Section 508.060 relates to counties and requires that "[a]ll actions whatsoever against any county shall be commenced in the Circuit Court of such county, and prosecuted to final judgment and execution therein, unless removed by change of venue to some other county...."[3]

---

**1.** The ordinance authorized the City of St. Louis, among other things, to "impose a special employers' fee of $5.00 per employee per month on all employers in the City of St. Louis and a tax of $\frac{1}{8}$ of one percent upon gross receipts, ..." Ordinance No. 59112. Ordinance No. 59112 was amended on May 25, 1984, by Ordinance No. 59207 which, among other things, exempted certain religious, charitable and not-for-profit organizations from the tax and made certain other technical changes in the original ordinance.

A third ordinance, No. 59221, adopted by the Board of Aldermen on July 20, 1984, approved an agreement between the Director of Revenue and the City of St. Louis whereby the Director would collect the gross receipts tax for the City of St. Louis. Of course, we do not address the merits of the plaintiffs' averments in the underlying lawsuit in this prohibition action.

**2.** Relator counters by arguing that the Director of Revenue is not an indispensable party and is joined as a defendant solely for the purpose of obtaining venue in Cole County. Given the result we reach, we do not address this argument.

**3.** This action was filed in the Circuit Court of Cole County. There has been no change of venue either requested or granted. *See* Rule 51.04.

▪ The underlying case is an action against the City of St. Louis which, under Article VI, Section 31, Missouri Constitution, is recognized as both a city and a county. *See also,* Section 1.080, RSMo 1978. In adopting Section 508.060, the General Assembly created a specific venue exception for counties from the general venue statute, Section 508.010. General rules establishing venue are subject to specific statutes which place venue elsewhere. *State ex rel. Wasson v. Schroeder,* 646 S.W.2d 105, 107 (Mo. banc 1983). Section 508.060 expressly requires that actions filed against a county must be instituted in the circuit court of that county. The language of Section 508.060 is mandatory. *State ex rel. Scott v. Kirkpatrick,* 484 S.W.2d 161, 164 (Mo. banc 1972). Irrespective of the presence of the Director of Revenue as a defendant, Cole County is not the proper venue for the underlying action.

▪ "Improper venue is a fundamental defect; a court which acts when venue is not proper has acted in excess of its jurisdiction". *Wasson,* 646 S.W.2d at 106. *See also, State ex rel. Allen v. Barker,* 581 S.W.2d 818, 824 (Mo. banc 1979). Prohibition lies to prevent a court from acting in excess of its jurisdiction. *Wasson,* 646 S.W.2d at 106. *State ex rel. Adrian Bank v. Luten,* 488 S.W.2d 636, 637 (Mo. banc 1973). Venue not being proper in Cole County, the provisional rule of prohibition is made absolute.

HIGGINS, C.J., and BILLINGS, BLACKMAR, DONNELLY and WELLIVER, JJ., concur.

RENDLEN, J., not participating.