John IGOE, Respondent,

v.

The DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS OF the STATE of Missouri, et al., Appellants.

No. SC 85945.

Supreme Court of Missouri, En Banc.

Jan. 11, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, James R. McAdams, Deborah Bell Yates, Asst. Attys. Gen., Jefferson City, MO, for Appellants.

William E. Moench, Patavee Vanadilok, St. Louis, MO, for Respondent.

MICHAEL A. WOLFF, Judge.

### Introduction

John Igoe was one of many qualified applicants in 1997 competing for one of two administrative law judge positions and one of two legal advisor positions in the Division of Workers Compensation in the Department of Labor and Industrial Relations. He was not selected. Igoe applied again in 1999 for one of several new administrative law judge and legal advisor positions and again was not selected.

After his first rejection, Igoe filed complaints with the Missouri Human Rights Commission and the federal Equal Employment Opportunity Commission alleging that he had been discriminated against on the basis of age—he was age 63 when he first applied—and sex. After his second rejection, Igoe complained to the Missouri Human Rights Commission he had been discriminated against on the basis of

age, sex, *and* retaliation for filing his first complaint with the commission.

After receiving notices of his right to sue, Igoe filed suit on his claims, alleging sex and age discrimination and retaliation in violation of chapter 213 RSMo [1], and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec.2000 *et seq.*

Section 287.610 gives "the division" the authority to appoint administrative law judges and legal advisors. In this case, however, because the workers compensation division director was a candidate for one of the administrative law judge positions in both 1997 and 1999, the director of the department—at the direction of the governor's staff—assumed the role of screening candidates and formally making the appointments.

The Department of Labor and Industrial Relations and the Division of Workers Compensation, but not the governor, were named as defendants in Igoe's suit. The defendants moved to transfer venue to the circuit court of Cole County, where the acts of alleged discrimination occurred. The circuit court of the City of St. Louis overruled the motion for change of venue.

The St. Louis circuit court heard Igoe's claims with an advisory jury.[2] After the verdict, the circuit court entered findings of fact, conclusions of law, and judgment in favor of Igoe, awarding damages that were determined by the jury and that matched Igoe's claims. The circuit court also ordered that Igoe be instated to an administrative law judge position. After opinion in the court of appeals, this court granted transfer. Mo. Const. art. V, sec. 10.

## The Nature of Igoe's Claims

When Igoe applied for these positions in 1997, he was one of 27 applicants. In 1999 there were over 50 applicants. Igoe met the minimum experience and training requirements—a law degree and admission to The Missouri Bar for at least two years—as did all of the applicants.

The statutory duties of an administrative law judge include conducting hearings on workers' claims for compensation that result from injuries on the job. Section 287.610.5. The judge makes findings of facts and conclusions of law in decisions that are then reviewed by the Labor and Industrial Relations Commission. Once appointed, an administrative law judge serves until retirement, unless removed for cause. Section 287.610.1. Legal advisors are appointed to assist all parties in making sure their claims are presented and heard. Section 287.642. A legal advisor can also serve in the capacity of an associate administrative law judge. Section 287.616.

These judge and legal advisor positions, the state points out, represent the governor's administration in dealing with the resolution of workers' compensation claims. The governor's staff told the director that the governor wanted candidates who would best represent his administration and emphasized a combination of skills and personal attributes that would best serve the public. As an elected official, the governor—not the department director—is held politically responsible for those who are chosen for these executive-branch administrative law judge positions. Further, an administrative law judge may

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. The trial of Igoe's claim occurred before this Court's decision in *State ex rel. Diehl v.*

*O'Malley,* 95 S.W.3d 82 (Mo.2003), which held that a plaintiff has a right to a jury trial in claims under section 213.010 *et seq.*

be discharged or removed only by the governor. Section 287.610.1.

The director of the Department of Labor and Industrial Relations reviewed applications for these positions and interviewed candidates. The governor's staff reviewed the applications and told the department director the names of the persons who were to be appointed. Under the constitutional and statutory scheme, the governor can tell the department director which candidates he wants selected. The governor appoints the director of the department.[3] The director serves at the governor's pleasure. Mo. Const. art. IV, sec. 17. Though a statute may assign the appointment authority to a department or division, the director serves at the pleasure of the governor and can be removed if he or she fails or refuses to carry out the governor's wishes. Mo. Const. art. IV, sec. 17.[4]

The state contends that the judgment in this case violates the constitutional doctrine of separation of powers. The Missouri Constitution establishes three departments (commonly referred to as branches) of government—executive, legislative and judicial—and provides that "no person ... charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others." Mo. Const. art. II, sec. 1. The courts "have the duty and obligation to protect the right of the legislative ... [or] ... the executive branch," the state argues, "to

exercise those powers specifically delegated to it in the same manner we would [protect against] a similar challenge to the powers of the judiciary." *State on Information of Danforth v. Banks,* 454 S.W.2d 498, 500 (Mo. banc 1970).

Igoe's claims actually were started in the executive branch with the filing of his complaints with the Missouri Commission on Human Rights, an executive branch agency. The filing of a complaint with the commission is a prerequisite to seeking judicial relief. Section 213.111. The commission had an opportunity to determine, in the first instance, the validity of Igoe's claims because the commission and its staff have the statutory authority to investigate, to determine whether there is probable cause to believe discrimination has occurred, and to hold a hearing. Section 213.075. The commission did not hold a hearing on Igoe's claims. No inference, however, can be drawn from the commission's inaction. The commission has very limited resources and must determine which few cases to investigate thoroughly in order to proceed with its own hearing and determination of the claims. The other option is for the claims to be litigated— as Igoe's were—after the commission has issued a letter giving notice of his right to sue. *See Stuart v. General Motors Corp.,* 217 F.3d 621 (8th Cir.2000). In this case the commission issued Igoe a letter giving notice of his right to sue; this action was commenced under section 213.111 within 90 days of the notice.[5]

---

3. The director of the department is nominated by the Labor and Industrial Relations Commission, section 286.005.1, but the governor makes the appointment so that the person nominated generally is the one the governor would appoint.

4. When a statute assigns the appointment authority to a division, as section 287.610 does, the effect is that the General Assembly has thereby allowed the appointment to be made

without Senate confirmation. See, Mo. Const. art. IV, secs. 19, 51. The statutory designation of the appointment power does not alter the governor's constitutional prerogatives.

5. The record does not reflect at what point in the administrative process the commission issued the right-to-sue letter. Under the statute, if the commission does not elect to pursue the complaint under its own procedures,

## Venue in Missouri Human Rights Act Cases

■ Although Igoe received a right-to-sue letter, he filed suit in the wrong venue. The basic question posed by the judgment of the circuit court—whether and to what extent the executive branch appointment authority over these administrative law judge positions is subject to the constraints of chapter 213—need not be addressed at this time. Reversal is warranted because venue was not proper in the circuit court of St. Louis City.

■ Igoe chose to assert claims under chapter 213 and to file those claims in state court. His action is subject to Missouri venue provisions. The fact that Igoe asserts a federal claim under Title VII does not make the federal venue statute, 42 U.S.C. sec.2000e–5(f)(3), applicable. Where a federal claim is brought in state court, venue is determined by reference to the laws of the state, not the federal statute. *Bainbridge v. Merchants' & Miners' Transportation Co.*, 287 U.S. 278, 280–81, 53 S.Ct. 159, 77 L.Ed. 302 (1932).

■ Section 213.111.1 provides that "an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred. . . ." This is a specific venue provision; it supersedes the general venue statute, section 508.010. *State ex rel. City of St. Louis v. Kinder*, 698 S.W.2d 4,6 (Mo. banc 1985). Section 213.111 was interpreted in *State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 91, fn. 18 (Mo. banc 2003) as limiting venue to "a county in which the unlawful discriminatory practice is alleged to have occurred" and not subjecting a defendant "to the range of plaintiff's venue options in chapter 508 available for civil cases generally." *Id.*

■ Igoe, in his petition, was not required to plead facts establishing venue. When the state defendants challenged venue in St. Louis, however, Igoe had the burden of showing that the city of St. Louis is "a county in which the unlawful discriminatory practice is alleged to have occurred." The procedure for challenging venue is now expressed in Rule 51.045, but the burden of showing that venue is proper always has been with the plaintiff when venue is challenged. "Where venue is an issue, the plaintiff carries the burden of proof to show an honest belief that there is a justiciable claim against a resident party." *Raskas Foods, Inc. v. Southwest Whey, Inc.*, 978 S.W.2d 46, 49 (Mo.App. 1998).

The only connection of this case to the city of St. Louis is that some of the vacant positions were in the city.[6] It appears that all of the acts—the receipt and review of applications, the interviews, and the decision making—all occurred in Cole County.

---

it can terminate the administrative proceedings by issuing a right-to-sue letter. Sections 213.075 and 213.111. This can be done *sua sponte* at any time within the statute of limitations period, without completing an investigation. Alternatively, a complainant is entitled to receive, upon request, a letter giving notice of his right to sue after his claim has been pending with the commission for 180 days or more where the commission has not completed its administrative processing and has not already issued a right-to-sue letter during that period. Use of the right-to-sue letter to terminate administrative proceedings conserves the commission's resources, because termination by a finding of no probable cause requires an investigation and is subject to judicial review. *State ex rel. Martin–Erb v. Missouri Commission on Human Rights*, 77 S.W.3d 600 (Mo. banc 2002).

6. By contrast, the federal statute, which does not apply in state court, specifies that venue in Title VII cases is proper in, among other places, "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. . . ."

Igoe has not shown that any act occurred in the city of St. Louis; thus, he has not alleged that any "discriminatory practice" occurred, in whole or in part, in St. Louis.

 Venue in Missouri is determined by statute. *State ex rel. SSM Health Care v. Neill,* 78 S.W.3d 140, 142 (Mo. banc 2002). A plaintiff who faces a challenge to venue must make allegations that bring his claim within an appropriate statutory venue provision. There is no support for Igoe's contention that venue is proper in the city of St. Louis under section 213.111.

## Conclusion

The judgment is reversed, and the case is remanded with directions to transfer this action to Cole County.[7]

WHITE, C.J., STITH, J. and BLACKMAR, SR.J., concur.

LIMBAUGH, J., concurs in separate opinion filed.

PRICE, J., concurs in opinion of LIMBAUGH, J.

TEITELMAN, J., dissents in separate opinion filed.

RUSSELL, J., not participating.

STEPHEN N. LIMBAUGH, JR., Judge, concurring.

I concur in the decision of the Court reversing the judgment for improper venue and transferring the case to Cole County. I write separately only to object to the *obiter dicta* discussion of issues other than the venue issue.

RICHARD B. TEITELMAN, Judge, dissenting.

I respectfully dissent. The party challenging venue bears the burden of persuasion and proof to show that venue is improper. *State ex rel. Etter, Inc. v. Neill,* 70 S.W.3d 28, 31 (Mo.App.2002). A plaintiff is not required to plead venue. *Wood v. Wood,* 716 S.W.2d 491, 494 (Mo.App. 1986).

Igoe did not specifically plead venue and the defendants' arguments challenging venue in the City of St. Louis were limited to the application of the MHRA and Title VII venue provisions. Although the defendants bore the burdens of persuasion and proof, they did not make an argument that venue was improper under the MHRA. The MHRA governs venue in this case. Consequently, I would hold that the defendants did not carry their burden of proving that venue was improper in the City of St. Louis under the MHRA. The judgment should be affirmed.

---

**7.** Igoe's motion for attorney's fees and costs is overruled.