STATE ex rel. DILLIARD'S, INC. f/k/a Dilliard Department Stores, Inc., Kenneth L. Knackstedt and Philip C. Andrew, Relators,

v.

The Honorable Steven OHMER Motion Judge, Division 2, Circuit Court, St. Louis City, Missouri, Respondent.

No. ED 87640.

Missouri Court of Appeals,
Eastern District,
Writ Division One.

May 2, 2006.

Ann K. Covington, David M. Fedder, Stefan A. Mallen, St. Louis, MO, for Relators.

Stephen Ohmer, Motion Judge, Division 2, St. Louis, Scott E. Sherman, Law Offices of Scott E. Sherman, Clayton, MO, Adrienne L. Schaffer–James, Law Offices of Adrienne L. Schaffer, Cletus P. Ernster, III, Mickey L. Washington, Cletus P. Ernster III, P.C., Houston, Texas, for Plaintiffs.

Chris Garcia, Seyfarth Shaw LLP, Chicago, IL, Clyde Farris, Stephen A. Thompson, Dustin P. Deschamp, Copeland Thompson Farris P.C., Clayton, MO, for Defendants Westfield America of Missouri, Inc., Professional Security Consultants, Inc., Lucas W. Ackermann and Robert L. Smith.

ROY L. RICHTER, Judge.

Relators, Dillard's, Inc. f/k/a Dillard Department Store Services, Inc., Dillard Store Services, Inc., Kenneth L. Knackstedt, and Philip C. Andrew, seek a writ of prohibition prohibiting Respondent, the Honorable Steven Ohmer, from denying Relators' Motion to Transfer Venue and Granting Plaintiffs' Denetra Hughley and Tosha Jasper, Motion for Leave to File an Amended Petition. Relators argued that Respondent erred in not granting the Motion to Transfer Venue and in granting Plaintiffs', Motion for Leave to File an Amended Petition. We issued a preliminary order in prohibition.

The underlying action was originally filed by Plaintiffs in the Circuit Court of the City of St. Louis on July 26, 2005.

Count I of Plaintiffs' petition alleged Discrimination in Public Accommodations and Violations of State Civil Rights Law. The remainder of the petition alleged the commission of various torts. All of the allegations contained in the petition occurred in St. Louis County. Plaintiffs based their claim of venue on Section 508.010(2), RSMo.2000 [1], which provides for a suit to be brought in the county in which any defendant resides.

The remaining counts could be filed in St. Louis County, or the City of St. Louis.

Relators timely filed their responsive pleadings along with the Motion to Transfer on September 23, 2005. Relators claimed that venue was improper in the City of St. Louis because Count I of the petition included a claim for an alleged violation of the Missouri Human Rights Act, Section 213.010 *et. seq.* Under the statute, venue is mandated to be in the "county in which the unlawful discriminatory practice is alleged to have occurred." Section 213.111(1).

Plaintiffs filed a Memorandum in Opposition to Transfer, and subsequently Respondent took the matter under advisement. Shortly thereafter, Plaintiffs' Counsel made a Motion for Leave to Amend their petition. Relators filed a Memorandum in Opposition, and Respondent took the matter under advisement.

On January 27, 2006, Respondent granted Plaintiffs' Motion for Leave to File an Amended Petition and denied Relators' Motion to Transfer Venue, finding Plaintiffs' Amended Petition did not contain claims of alleged violations of the Missouri Human Rights Act. Relators subsequently filed a writ of prohibition, and this Court granted a preliminary order in prohibition.

■ Prohibition is proper to prevent the trial court from proceeding further, except to transfer the case to a proper venue. *State ex rel. SSM Health Care St. Louis v. Neill,* 78 S.W.3d 140, 142 (Mo. banc 2002), *State ex rel. Etter, Inc. v. Neill,* 70 S.W.3d 28, 32 (Mo.App. E.D.2002).

■ Here, Plaintiffs' original petition alleges "Discrimination in Public Accommodations and Violations of State Civil Rights Law." Such an allegation invokes the Missouri Human Rights Act, Section 213.111(1). The Missouri Supreme Court has held that Section 213.111(1) is a specific venue provision, superseding Section 508.010(2). *Igoe v. Department of Labor and Industrial Relations,* 152 S.W.3d 284, 288 (Mo. banc 2005). The petition established that the complained of acts occurred in St. Louis County. As such, venue for Count I could only be in St. Louis County, under Section 213.111(1).

■ Because venue was proper in St. Louis County, the only action Respondent could have taken was to transfer the case. Section 476.410 provides, "[t]he division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought." This is further corroborated by Supreme Court Rule 51.045(a). "An action brought in a court where venue is improper shall be transferred to a court where venue is proper if a motion for such transfer is timely filed." Additionally, it is well settled that a court that acts when venue is improper acts in excess of its jurisdiction. *State ex rel. SSM Health Care St. Louis. v. Neill,* 78 S.W.3d 140, 142 (Mo. banc 2002), *State ex rel. City of St. Louis v. Kinder,* 698 S.W.2d 4, 6 (Mo. banc 1985).

**1.** All further statutory references are to RSMo.2000 unless otherwise indicated.

However, Respondent lacked jurisdiction and authority to properly grant Plaintiffs' Motion to Amend. The only action to be taken was to transfer the case to the appropriate jurisdiction. If venue is improper where an action is brought, prohibition lies to bar the trial court from taking any further action, except to transfer the case to a proper venue. *State ex rel. Drake Publishers v. Baker*, 859 S.W.2d 201, 203 (Mo.App. E.D.1993), *State ex rel. Reedcraft Manufacturing v. Kays*, 967 S.W.2d 703, 704 (Mo.App. S.D.1998). We issued a preliminary order in prohibition. We dispense with further proceedings and we now make absolute our preliminary order in prohibition that Respondent refrain from all action except transfer of the underlying cause to St. Louis County Circuit Court.

NANNETTE A. BAKER, P.J., and BOOKER T. SHAW, J., Concur.