**STATE of Missouri Ex Rel. Roberta HOLLINS, Relator,**

v.

**The Honorable Michael Martin PRITCHETT, Presiding Judge of the 36th Judicial Circuit, Respondent.**

No. SD 31524.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 19, 2013.

Application for Transfer to Supreme Court Denied March 13, 2013.

Application for Transfer to Supreme Court Denied April 30, 2013.

Jonathan C. Berns, St. Louis, MO, for Relator.

Nancy M. Leonard, Kansas City, MO, for Respondent.

JEFFREY W. BATES, J.

Relator Roberta Hollins (Hollins) filed a lawsuit in the Circuit Court of the City of St. Louis against Con-way Freight, Inc. and Kevin Beer (hereinafter referred to collectively as Defendants and individually as Con-way and Beer). Hollins sought damages for alleged employment discrimination pursuant to the Missouri Human Rights Act (MHRA), §§ 213.010–.137.[1] The upshot of the petition was that Beer, whose office was located in the City of St. Louis, told his subordinate, Kenneth Gaffney (Gaffney), not to hire Hollins because of her race. At Defendants' request, the trial court found that venue was improper pursuant to § 213.111 and transferred the case to the Circuit Court of Butler County. Hollins then sought a writ of mandamus to require the Honorable Michael M. Pritchett (Respondent) to transfer the case back to St. Louis. This Court issued a preliminary order in mandamus. Because the trial court abused its discretion in transferring the case to Butler County, we make permanent our preliminary writ in mandamus and direct that the underlying cause be transferred back to the Circuit Court of the City of St. Louis.[2]

---

1. All references to statutes are to RSMo (2000). All references to rules are to Missouri Court Rules (2012).

2. As transfer has already occurred in this case, the proper remedy is a permanent writ of mandamus directed at the presiding judge of the receiving court. *See State ex rel. Auto Owners Ins. Co. v. Messina,* 331 S.W.3d 662, 663 (Mo. banc 2011); *State ex rel. Missouri Pub. Serv. Comm'n v. Joyce,* 258 S.W.3d 58, 60 (Mo. banc 2008).

## Background

In January 2011, Hollins filed her underlying petition against Defendants in the City of St. Louis, alleging that, in violation of the MHRA, "Defendants failed to hire [her] and discriminated against [her] because of her race[.]" Hollins also alleged that when Beer discovered that "Hollins was African–American, he told Gaffney by email and/or phone that he did not want Gaffney to hire Hollins because of her race. Upon information and belief, Beer made such comments from his office in St. Louis." Thereafter, Defendants moved to transfer venue to Poplar Bluff in Butler County. In connection with the motion to transfer, the parties supplied the trial court with the following materials: (1) the 2008 depositions of Beer and Gaffney, which had been taken in a related Title VII action brought by Hollins in federal court; and (2) an April 2011 affidavit from Beer. The trial court granted the motion, finding the facts "insufficient to give rise to proper venue in the City of St. Louis on the basis of defendant Beer's conduct." Hollins then filed a petition in mandamus and requested that this Court order the case to be transferred back to St. Louis.

## Standard of Review

■■■ "The standard of review for writs of mandamus and prohibition, including those pertaining to motions to transfer venue, is abuse of discretion, and an abuse of discretion occurs where the circuit court fails to follow applicable statutes." *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 631 (Mo. banc 2007). In Missouri, "[v]enue is set by statute." *State ex rel. Missouri Pub. Serv. Comm'n v. Joyce*,

258 S.W.3d 58, 60–61 (Mo. banc 2008); *Igoe v. Dep't of Labor and Indus. Relations of Missouri*, 152 S.W.3d 284, 289 (Mo. banc 2005). Venue in an MHRA action is governed by § 213.111.1, which provides that "an action may be brought in *any* circuit court in *any* county in which the unlawful discriminatory practice is alleged to have occurred. . . ." *Id.* (emphasis added). Section 213.111.1 "is a specific venue provision; it supersedes the general venue statute, § 508.010." *Igoe*, 152 S.W.3d at 288; *State ex rel. City of St. Louis v. Kinder*, 698 S.W.2d 4, 6 (Mo. banc 1985).

■■■ Hollins' petition alleged that Beer's discriminatory comments were made at his office in St. Louis. Once Defendants challenged venue, it became Hollins' burden to show that she had an honest belief that there was a justiciable claim against a resident party. *See Raskas Foods, Inc. v. Southwest Whey, Inc.*, 978 S.W.2d 46, 49 (Mo.App.1998); *Igoe*, 152 S.W.3d at 288. "[D]espite the subjective connotation of the term 'honest belief' the standard is an objective one, perhaps more appropriately denominated as a 'realistic belief' that under the law and the evidence a justiciable claim exists." *Bottger v. Cheek*, 815 S.W.2d 76, 80 (Mo.App. 1991). Thus, the issue before the trial court was whether the record showed Hollins had an honest and objectively realistic belief that the City of St. Louis was the location "in which the unlawful discriminatory practice is alleged to have occurred[.]" § 213.111.1; *see also Igoe*, 152 S.W.3d at 288; Rule 51.045. Based upon our review of that record, the trial court was presented with the following facts relevant to the venue issue.[3]

---

**3.** We are required to review the information before the trial court to determine whether the judge's ruling on the factual matters, and the inferences to be drawn from them, constituted an abuse of discretion. *See McCoy v.*

*The Hershewe Law Firm, P.C.*, 366 S.W.3d 586, 592 (Mo.App.2012). Our recitation of the facts is for that purpose alone and is not meant to express any opinion as to the merits of Hollins' MHRA claim.

Con-way is a national trucking company with offices in St. Louis. Beer is a regional manager who was responsible for 12 service centers or terminals (terminals) in Missouri, Illinois, Indiana, Iowa and Kentucky. Beer works at the St. Louis office. He typically spends 75% of his time traveling to terminals in his territory and elsewhere. Beer communicates with fellow employees at the various terminals primarily by telephone and e-mail.

One of the Missouri terminals is located in Butler County at Poplar Bluff. Between June and December 2005, Gaffney was the terminal manager at the Poplar Bluff facility. Gaffney reported to Beer. Generally, both Beer and the terminal manager were involved in hiring individuals to work at the terminal. After Beer obtained authorization to fill an open position, he would contact the terminal manager to start the hiring process. Depending on the position to be filled, Beer and the terminal manager would discuss the qualifications of a particular candidate before the terminal manager selected a final candidate for the position. According to Con-way's hiring policy, once a terminal manager selects a candidate, the manager must submit the candidate's application to the personnel office for a background check, which the candidate must pass for approval to hire. The candidate must also pass a drug test.

In June 2005, Hollins applied for a part-time position as a customer service representative (CSR) at the Poplar Bluff terminal. After Gaffney interviewed Hollins, he called Beer and said Hollins was the "ideal candidate" for the CSR position. According to Gaffney, when he told Beer that Hollins was black, Beer discouraged Gaffney from hiring her. Beer said, "you don't want to open this can of worms, there must be a better choice, [Gaffney], for you down there in Poplar Bluff." Later, Gaff-

ney and Beer discussed Hollins "multiple times" via e-mail. In those discussions, Beer repeatedly discouraged Gaffney from hiring Hollins because of her race, warning Gaffney that he "probably [doesn't] want to go that route" and that "if it's not an issue now, it's going to be." Because Beer was Gaffney's boss and mentor, Gaffney did not want to disappoint Beer and select a candidate whom Beer would not support. Although discouraged from hiring Hollins initially, however, Gaffney still continued to consider Hollins as the "right person" for the job.

In November 2005, Gaffney interviewed Hollins a second time. After that interview, Gaffney offered Hollins the job and asked her to submit to a drug test. Gaffney preferred Hollins, however, as a "backup plan" Gaffney also offered the job to another candidate, a white female, and similarly asked her to submit to a drug test. In early December 2005, shortly after sending Hollins and the other candidate for drug tests, Gaffney was terminated for reasons unrelated to this case. Prior to his termination, Gaffney had not decided whether to submit either Hollins' or the other candidate's application to the personnel department for approval.

When Hollins did not hear from Gaffney about the results of her drug test, she called the Poplar Bluff facility. Hollins spoke with Beer, who was at the facility because of Gaffney's termination. Beer informed Hollins that Gaffney no longer worked for Con-way and that the company was not hiring at that time. When Hollins told him that she had already been hired and taken a drug test, Beer said that he knew nothing about it, but he would look into her application and get back to her. He never did so. Later in December 2005, Gary Sellers (Sellers) became the new terminal manager for the Poplar Bluff facility. Sellers interviewed and hired a white

male for the CSR position. Sellers was unaware of Hollins' application and made no attempt to contact her.

## Discussion and Decision

■ In Hollins' single point, she contends the trial court abused its discretion by transferring her case to Butler County because she presented sufficient evidence to demonstrate an honest and objectively realistic belief that Beer was in St. Louis on one of the multiple occasions when he discouraged Gaffney from hiring Hollins based on her race, which made venue in St. Louis proper. We agree.

As stated previously, § 213.111.1 provides that an action under the MHRA may be brought in *any* county in which the alleged unlawful discriminatory practice occurred. *Id.* The MHRA sets forth specific acts that constitute unlawful employment practices under § 213.055, which include discrimination based upon an individual's race. *See* § 213.055.1(1)(a)-(b). In the underlying petition, Hollins alleged that Defendants "failed to hire [her] and discriminated against [her] because of her race, African American, in violation of Mo. Rev.Stat. § 213.055." Hollins also alleged that when Beer discovered that "Hollins was African–American, he told Gaffney by email and/or phone that he did not want Gaffney to hire Hollins because of her race. Upon information and belief, Beer made such comments from his office in St. Louis."

In *Igoe v. Dep't of Labor and Indus. Relations of Missouri,* 152 S.W.3d 284 (Mo. banc 2005), our Supreme Court held that in cases alleging failure to hire under the MHRA, appropriate venue under § 213.111.1 is determined by the location in which the hiring process occurs, "in whole, or in part," indicating venue could be proper in more than one county. *Id.* at 288–89. In *Igoe,* the plaintiff alleged an

MHRA claim against the Department of Labor and Industrial Relations for failure to hire him for an administrative law judge or legal advisor position located in St. Louis. *Id.* at 285. All relevant aspects of the hiring process, however, occurred at the state's office in Cole County Missouri. The matter was tried in St. Louis with an advisory jury, resulting in a judgment in favor of plaintiff. On appeal, the judgment was reversed. Our Supreme Court held that venue was not proper in St. Louis:

> The only connection of this case to the city of St. Louis is that some of the vacant positions were in the city. It appears that all of the acts—the receipt and review of applications, the interviews, and the decision making—all occurred in Cole County. Igoe has not shown that *any* act occurred in the city of St. Louis; *thus, he has not alleged that any "discriminatory practice" occurred, in whole or in part, in St. Louis.*

*Id.* at 288–89 (emphasis added; footnote omitted).

The case at bar is not like *Igoe.* Here, Hollins alleged that a discriminatory practice occurred "in part" in St. Louis. That allegation was based upon Beer's conduct in discouraging Gaffney from hiring Hollins because of her race. The underlying facts establish that both Con-way and Beer have offices in St. Louis. The discussions between Beer and Gaffney about Hollins occurred once by telephone and numerous times by e-mail. If even one of those discussions occurred while Beer was in St. Louis, then venue there was proper. *See State ex rel. Dilliard's, Inc. v. Ohmer,* 190 S.W.3d 570, 572–73 (Mo.App.2006) (venue under § 213.111.1 proper in county where the petition established the complained of acts occurred). Beer provided no testimony that he was away from St. Louis on every single occasion when Hollins was discussed. Instead, all Beer said was that

he was away from his St. Louis office 75% of the time. Given the multiple occasions on which Beer and Gaffney discussed Hollins' application for employment, there was sufficient evidence to support an honest and objectively realistic belief by Hollins that Beer was in St. Louis on at least one of those occasions. Therefore, venue in St. Louis was proper pursuant to § 213.111.1. *See Igoe*, 152 S.W.3d at 289; *Raskas Foods*, 978 S.W.2d at 49. The trial court abused its discretion by transferring the case to Butler County. *See State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 631 (Mo. banc 2007); *Igoe*, 152 S.W.3d at 288–89. Accordingly, we make permanent our writ of mandamus and direct Respondent to transfer Hollins' case back to the City of St. Louis.

ROBERT S. BARNEY, SR.J., and DON E. BURRELL, C.J., concur.